JONES *v.* STATE.

Opinion delivered July 14, 1924.

1. HOMICIDE—INSTRUCTION AS TO SELF-DEFENSE.—In a prosecution for murder, an instruction that, if deceased did first assault defendant with intent of inflicting bodily harm less than death or great bodily injury, and it so appeared to defendant, the killing could not be justified, was abstract and prejudicial where there was no testimony calling for submission of such an issue.

2. CRIMINAL LAW—INSTRUCTION—WEIGHT OF EVIDENCE.—In a prosecution for murder the use of an illustration in defining malice that "circumstances may be many and varied, such as lying in wait for the intended victim to pass, and kill him as he approached," *held* not to amount to instructing on the weight of the evidence.

3. CRIMINAL LAW—MULTIPLICATION OF INSTRUCTIONS.—The court is not required to multiply instructions on the same questions.

Appeal from Poinsett Circuit Court, Second Division; *G. E. Keck,* Judge; reversed.

*T. A. Turner, Aaron McMullin* and *H. P. Maddox,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HUMPHREYS, J.  Appellant was indicted in the circuit court of Poinsett County for the crime of murder in the first degree for shooting Jesse Adair, on the first day of August, in said county. He was tried upon the charge, convicted of murder in the second degree, and adjudged to serve a term of twenty-one years in the State Penitentiary as punishment therefor. From the judgment of conviction an appeal has been duly prosecuted to this court.

The testimony introduced by the State tended to show that appellant shot, with fatal effect, the deceased, Jesse Adair, in the back, as he was walking away from him.

The testimony introduced by appellant tended to show that he shot the deceased in necessary self-defense as deceased was attempting to draw his pistol with which to shoot appellant; that this attempt was made only a

short time after deceased had threatened to kill appellant, and not long after he had bought a pistol for that avowed purpose.

There was no evidence introduced tending to show that the deceased assaulted or attempted to assault appellant with his hands, a stick, or something with which he could not likely inflict great bodily harm upon or kill appellant. Notwithstanding the fact that the only evidence introduced in support of appellant's plea of self-defense was that deceased attempted to assault him with a pistol at the time he fired the fatal shot, the court, over the specific objection of appellant, instructed the jury as follows:

"The defendant seeks to justify or excuse this homicide on the ground of self-defense. The plea of self-defense is founded solely on the principle of necessity. Before this plea is available in this case, it must have appeared to the defendant, not only that danger to himself at the hands of the deceased was imminent, irremediable and actual, but that it was so pressing and immediately urgent that, to save himself from death or great bodily harm at his hands, the killing of the deceased was necessary, and that he acted in good faith under that apprehension, and not in a spirit of revenge, and that he employed all the means in his power, consistent with his safety, to avoid the danger and to avert the necessity of killing. He was not bound to retreat if the deceased first assaulted him, with an intent to murder or inflict upon him great bodily harm, but might have stood his ground, and, if necessary to save his own life or protect himself from great bodily harm, might have killed his assailant. And if the deceased did first assault the defendant, but did so with the intent of inflicting upon the defendant some bodily harm less than death or great bodily injury, and it so appeared to the defendant, acting without fault or carelessness in coming to such conclusion, then the killing could not be justified on the ground of self-defense."

The specific objection challenges the correctness of the following language used in the instruction, upon the ground that it was abstract and calculated to confuse and mislead the jury:

"And if the deceased did first assault the defendant, but did so with the intent of inflicting upon the defendant some bodily harm less than death or great bodily injury, and it so appeared to the defendant, acting without fault or carelessness in coming to such conclusion, then the killing could not be justified on the ground of self-defense."

This part of the instruction was abstract and prejudicial, for the reason that there was no testimony in the case to call for a submission of the issue stated therein. Testimony presented by the State tended to prove that appellant shot deceased without warning and without any provocation whatever, that deceased made no offensive demonstration at all against appellant. Appellant testified that, when he fired the fatal shot, deceased was in a hostile attitude, drawing a pistol. But there was no testimony to justify a finding that, if deceased was making an assault or hostile demonstration at all, it was to inflict only slight bodily harm, nor that it so appeared to appellant. The instruction was prejudicial, for, being entirely abstract, it may have led the jury into mere speculation as to whether or not deceased meant to inflict an injury less than death or great bodily harm.

Appellant also contends that the court committed reversible error by the use of the following illustration in instructions Nos. 1, 4, and 10, defining malice:

"These circumstances may be many and varied, such as lying in wait for the intended victim to pass and kill him as he approached."

We cannot agree with appellant that the use of this illustration amounted to an instruction upon the weight of the evidence, but it was unnecessary to incorporate it in the instructions to express the idea they intended to convey. The State can suffer no harm by the elimination

of the illustration from the instructions on a new trial of the cause.

Appellant also contends that the court committed reversible error in refusing to give six separate instructions which he requested, being Nos. 2, 3, 4, 5, 6, and 8. We have compared each of them with the several instructions given by the court, and find that they are all covered by the instructions given. The court was not required to multiply instructions upon the same questions.

Appellant contends for a reversal of the judgment upon other grounds than those referred to, but none of them are likely to recur upon a new trial of the cause, so we refrain from discussing them.

On account of the error indicated the judgment is reversed, and the cause remanded for a new trial.